OPINION
Appellant, Michael Palmer, appeals from the judgment of the Portage County Municipal Court, Ravenna Division, denying his appeal of his administrative license suspension.
On May 31, 1999, at approximately 3:30 p.m., Trooper Roger Kuhn of the Ohio State Highway Patrol, while on routine patrol on Interstate 76, clocked appellant's vehicle traveling eastbound on I-76 at 78 miles per hour in a 65 mile-per-hour zone. After the trooper stopped appellant's vehicle to issue him a traffic citation, he noticed a strong odor of alcohol on appellant's breath and that his eyes were bloodshot and glassy. When asked if he had been drinking, appellant told the trooper that he had been drinking the night before. He later told the trooper that he smelled of alcohol because he had been at the AMVET's parade earlier that day. Trooper Kuhn then asked appellant to submit to a horizontal gaze nystagmus test. Appellant refused to submit to field sobriety tests and refused to take a breathalyzer test. Based on his observations, the trooper proceeded to arrest appellant for driving under the influence of alcohol.
Because appellant refused to submit to a breathalyzer test, he was placed on administrative license suspension, which was filed in the Portage County Municipal Court. On June 1, 1999, appellant filed an appeal of the administrative license suspension and moved for a stay pending appeal. The trial court granted the stay and heard the appeal on September 22, 1999. Following the hearing, the trial court denied appellant's appeal for failure to show error. The trial court rescinded the previous stay, re-imposed the suspension, and ordered that it run from September 22, 1999 to September 21, 2000. From this judgment, appellant assigns the following error.
 "The trial court erred in denying the administrative license suspension appeal where the arresting officer lacked reasonable grounds to require appellant to submit to chemical testing under the implied consent statute."
In his sole assignment of error, appellant alleges that his license should not have been suspended because the arresting officer did not have reasonable ground to believe that he was driving under the influence of alcohol. Because this court did not hear appellant's appeal until September 20, 2000, and did not issue its opinion until after September 21, 2000, appellant's license suspension is no longer in effect. For that reason, appellant's appeal is moot, and we will not address his assignment of error.[1]
This case is similar to Roth v. Ohio Bur. of Motor Vehicles (Dec. 16, 1999), Cuyahoga App. No. 75477, unreported, in which the Eighth Appellate District dismissed an appeal from an administrative license suspension that was no longer in effect. The court reasoned that the issues raised in the appeal were moot because Roth had not demonstrated that he would suffer some collateral legal disability or loss of civil rights resulting from the suspension. Because appellant has not demonstrated that he will be affected any further by the suspension that was previously imposed on him, we also conclude that the issues raised in this appeal are moot.
For the foregoing reasons, appellant's appeal is dismissed.
 __________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] Appellant did not request a stay of his administrative license suspension during the pendency of this appeal. The only issue on appeal is whether an administrative license suspension was properly imposed on appellant. Appellant has not appealed from any sentence that may have been imposed for a conviction for driving under the influence of alcohol. The record on appeal does not indicate whether appellant was convicted of such an offense.